■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH JAMES KASULKA, Appellant. — Appeal by defendant from a judgment of the former County Court, Queens County, rendered July 18, 1956, convicting him of robbery in the second degree, grand larceny in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence upon him as a second felony offender. Judgment reversed, on the law and the facts and in the interests of justice, and new trial ordered. Defendant was indicted for robbery in the second degree, grand larceny in the first degree, and assault in the second degree. At the trial, the complainant testified initially that defendant had robbed him, but then admitted that he could not identify the defendant as his assailant and had done so because the police had told him that defendant was the robber. Thereafter two police officers testified that, at the robbery scene, the complainant had identified the defendant as the robber and had described the manner in which the robbery had been committed. The complainant, however, had testified, in effect, that he had not identified the defendant at the robbery scene nor had he at that place described defendant's commission of the robbery to the police officers. In our opinion, the police testimony concerning the complainant's pretrial identification of the defendant violated sections 8-a and 393-b of the Code of Criminal Procedure and, under the facts of this case, require a reversal of the judgment notwithstanding defendant's failure to object properly to the admission of such testimony (*People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *Purtell*, 243 N. Y. 273; see Wall, Eye-Witness Identification in Criminal Cases [1965], pp. 161–162). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.